SALCINES, Judge.
Chris Pavlides, as personal representative of the estate of Pauline Pappas, deceased, appeals the final judgment entered by the probate court. We reverse.
As reflected in the final judgment which is the subject of this appeal, the probate court set aside an October 4, 1993, last will and testament of Ms. Pappas as a product of undue influence. The probate court established a 1991 last will and testament and a 1993 codicil 'as Ms. Pappas’ true last will and testament.
When there is a challenge to a will on the grounds of undue influence, there are several factors to be considered. These factors have been set forth in the supreme court case of In re Carpenter’s Estate, 253 So.2d 697 (Fla.1971). Upon appellate review, this court is not to interfere with the findings of fact or conclusions of law of a probate court unless there is an absence of substantial competent evidence to support those findings, or the probate court has misapprehended the legal effect of the evidence as a whole. See In re Zimmerman’s Estate, 84 So.2d 560, 561 (Fla.1956); In re Estate of Witt, 139 So.2d 904 (Fla. 2d DCA 1962).
After a careful review of the entire record, we conclude that the findings of fact and conclusions of law set forth in the final judgment are not supported by competent substantial evidence. Accordingly, the final judgment is reversed and the probate court is ordered to admit to probate the October 4, 1993, last will and testament of Ms. Pappas.
Reversed and remanded with instructions.
BLUE, A.C.J., and NORTHCUTT, J„ Concur.